RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kim Evans,<br><br>                     Plaintiff,<br><br>   — against —<br><br>CGAP, Inc. d/b/a Mortgage Depot, Velocity Commercial Funding Corp., Asking Price Realty, Inc., Private Money Capital, Inc., Yury Gokhberg, an individual, and Steven Kaziyev, an individual | COMPLAINT<br><br>22-CV-3960 |

Plaintiff, KIM EVANS, ("Plaintiff") by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, CGAP, Inc. d/b/a MORTGAGE DEPOT ("Defendant"), VELOCITY COMMERCIAL FUNDING CORP. ("Defendant"), ASKING PRICE REALTY, Inc. ("Defendant"), PRIVATE MONEY CAPITAL, Inc. ("Defendant"), YURY GOKHBERG, ("Defendant"), and STEVEN KAZIYEV, ("Defendant"), jointly and severally (collectively referred herein as "Defendants") allege:

**NATURE OF THE ACTION**

1. This action seeks all available relief including to recover unpaid overtime and

other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law ("NYLL") on behalf of Plaintiff.

2. Defendants deprived Plaintiff of the protections of the FLSA and NYLL by failing to pay premium overtime pay for all hours worked in excess of 40 hours per week.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because the corporate Defendants are located there and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Plaintiff is an individual residing in Nassau County, New York.

8. On or about August 26, 2020, Plaintiff executed an "Independent Contractor Agreement" with Defendant CGAP, Inc. d/b/a Mortgage Depot.

9. Plaintiff was not an independent contractor.

10. Defendants paid Plaintiff, for the most part, on a W-2.

11. Defendants hired Plaintiff as a "File Opener Processor Assistant," at the rate of $47,800 plus commission.

12. Plaintiff was not exempt from overtime under the FLSA.

13. While working for Defendants, Plaintiff performed the following duties as a loan processor: Clearing conditions for borrowers' mortgages, retrieving bank statements for borrowers, obtaining proof of employment for borrowers, obtaining tax returns from borrowers, obtaining photo ID from borrowers, obtaining mortgage statements and payoff letters from borrowers, and transmitting information to bank portals.

14. Defendants employed Plaintiff five to seven days per week, and her hours varied each week.

15. Plaintiff worked Monday to Friday from approximately 8:00am to between 6 and 7pm, and two hours each day on Saturday and Sunday, when she was "on call."

16. In most weeks, Plaintiff worked 51.5 hours or more.

17. Defendants paid Plaintiff at the rate of $47,800, plus commissions, through payment of a salary of equal amounts each week.

18. Defendants did not pay Plaintiff premium overtime pay for hours worked in excess of 40 hours per week.

19. When asked by Plaintiff about the long hours she worked, Defendant GOKHBERG told Plaintiff, "That's why you get a salary; this is the job," or words to that effect.

20. Plaintiff worked for Defendants until approximately April 20, 2022, during which time she never received premium overtime pay.

**Defendants**

21. Defendant CGAP, Inc. d/b/a MORTGAGE DEPOT is a New York-based domestic corporation with its principal executive office located at 125-10 Queens Blvd., Suite 315, Kew Gardens, NY 11415.

22. Defendant CGAP, Inc. d/b/a MORTGAGE DEPOT is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including pens, paper, computers, electronic credit card charges, and (2) annual gross revenues in excess of $500,000.

23. CGAP, Inc. d/b/a MORTGAGE DEPOT is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiff.

24. Defendant VELOCITY COMMERCIAL FUNDING CORP. is a New York-based domestic corporation with its principal executive office located at 125-10 Queens Blvd., Suite 315, Kew Gardens, NY 11415.

25. Defendant VELOCITY COMMERCIAL FUNDING CORP. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including pens, paper, computers, electronic credit card charges, and (2) annual gross revenues in excess of $500,000.

26. VELOCITY COMMERCIAL FUNDING CORP. is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiff.

27. Defendant ASKING PRICE REALTY, Inc. is a New York-based domestic corporation with its principal executive office located at 125-10 Queens Blvd., Suite 315, Kew Gardens, NY 11415.

28. Defendant ASKING PRICE REALTY, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including pens, paper, computers, electronic credit card charges, and (2) annual gross revenues in excess of $500,000.

29. ASKING PRICE REALTY, Inc. is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiff.

30. Defendant PRIVATE MONEY CAPITAL, Inc. is a New York-based domestic corporation with its principal executive office located at 125-10 Queens Blvd., Suite 315, Kew Gardens, NY 11415.

31. Defendant PRIVATE MONEY CAPITAL, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including pens, paper, computers, electronic credit card charges, and (2) annual gross revenues in excess of $500,000.

32. PRIVATE MONEY CAPITAL, Inc. is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiff.

33. Defendant YURY GOKHBERG is the President of Defendant CGAP, Inc., d/b/a Mortgage Depot.

34. Defendant STEVEN KAZIYEV is an owner, and/or officer of Defendant VELOCITY COMMERCIAL FUNDING, Inc.

35. Defendant STEVEN KAZIYEV is an owner and/or officer of Defendant ASKING PRICE REALTY, Inc., which he formed in 2014 to provide realtor leads.

36. Defendant STEVEN KAZIYEV is an owner and/or officer of Defendant PRIVATE MONEY CAPITAL, Inc.

37. According to Defendant STEVEN KAZIYEV, "As the Founder and Chief Executive Officer of MortgageDepot, I am responsible for the national operations of the company. Under my leadership, I recognized the growth potential of a branch concept in the mortgage industry, and transitioned MortgageDepot from being a one-man operation into a multi-state broker, headquartered in Kew Gardens, New York and is the area's largest independent mortgage brokerage firm."

38. Defendant YURY GOKHBERG is also a licensed real estate agent.

39. At all relevant times, Defendant YURY GOKHBERG has maintained control, oversight, and direction over Plaintiff. He established Plaintiff's rate of pay, duties, assigned work to her, supervised her, and had the authority to discipline and terminate Plaintiff.

40. At all relevant times, Defendant STEVEN KAZIYEV has also maintained control, oversight, and direction over Plaintiff. Along with Defendant YURY GOKHBERG, he also established Plaintiff's rate of pay, duties, assigned work to her, supervised her, and had the authority to discipline and terminate Plaintiff.

41. The business activities of the Defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

## DEFENDANTS' FAILURE TO PAY OVERTIME

42. Defendants suffered or permitted Plaintiff to work more than 40 hours per week, without paying Plaintiff premium overtime pay at the rate of time and one half for hours worked in excess of 40 hours per week.

## DEFENDANTS' VIOLATIONS OF THE
## NEW YORK WAGE THEFT PREVENTION ACT

43. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

44. Defendants failed to furnish Plaintiff with wage notices as required by § 195(1) of the NYLL.

45. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

46. Defendants also failed to furnish Plaintiff with accurate statements of wages, as required by § 195(3) of the NYLL.

**FIRST CAUSE OF ACTION**
**(FLSA – UNPAID OVERTIME WAGES)**

47. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

48. At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

49. At all times relevant, Defendants have been employers of Plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

50. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

51. Plaintiff was not exempt from the FLSA requirement to pay a premium overtime rate.

52. Defendants have failed to pay Plaintiff premium overtime pay for all hours worked in excess of 40 hours per week, to which Plaintiff is entitled under the FLSA.

53. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

54. Defendants have not made a good faith effort to comply with the FLSA with

respect to the compensation of Plaintiff.

55. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

56. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied premium overtime pay in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**(NYLL – UNPAID OVERTIME WAGES)**

57. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

58. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and defendants therefore employed Plaintiff.

59. The NYLL requires that employees receive overtime premium compensation not less than one and one-half times the employee's regular pay rate for hours worked over 40 per week.

60. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

61. At all times relevant, Plaintiff was an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

62. Plaintiff's work duties did not qualify him as exempt from the NYLL requirement for the payment of overtime wages.

63. Plaintiff's weekly wages that were paid by Defendants were below the required New York State salary level to qualify Plaintiff as exempt from the NYLL requirement for the payment of overtime wages.

64. Defendants have failed to pay Plaintiff premium overtime pay to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

65. Through their knowing or intentional failure to pay overtime wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

66. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

67. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

68. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

69. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

70. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FOURTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

71. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

72. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

73. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

74. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from the defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FIFTH CAUSE OF ACTION**
**(Sexual Harassment in Violation of the New York State Hunan Rights Law)**

75. Plaintiff realleges, and incorporates by reference, all previous allegations as

though fully set forth herein.

76. Defendant is an "employer" under the New York State Human Rights Law ("NYSHRL"), Exec. Law, §296, et. al.

77. While working for Defendants, DEFENDANT STEVEN KAZIYEV sexually harassed Plaintiff.

78. Between August and November 2020, Mr. Kaziyev came to Plaintiff's desk and started to massage Plaintiff's shoulders. On another occasion, Mr. Kaziyev stuck his finger in Plaintiff's ear.

79. Because she did not want to suffer any further to sexual harassment, Plaintiff decided to work from home.

80. Defendants CGAP, Inc. d/b/a MORTGAGE DEPOT and DEFENDANT KAZIYEV sexually harassed Plaintiff in violation of §296 of the NYSHRL, causing Plaintiff economic and non-economic damages.

81. Upon information and belief, another employee, Ruby Soto, also complained of sexual harassment by Mr. Kaziyev, but no action was taken by Defendants.

82. Mr. Kaziyev continues to work for CGAP, Inc. d/b/a MORTGAGE DEPOT, despite several claims of sexual harassment.

83. Plaintiff suffered economic and non-economic damages because of sexual harassment from Defendant CGAP, Inc. d/b/a MORTGAGE DEPOT.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the overtime pay provisions of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that defendants have violated the overtime provisions of the NYLL, and supporting regulations;

c. declaring that defendants have violated the Wage Theft Prevention Act;

d. declaring that defendants' violations of the FLSA were willful;

e. declaring that defendants' violations of the NYLL were willful;

f. awarding Plaintiff damages for all unpaid wages;

g. awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h. awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

a. awarding Plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

b. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

c.     awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

d.     granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

e.     awarding Plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

f.     awarding Plaintiff That this court award the Plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, compensatory damages, and punitive damages, for Defendants' sexual harassment against Plaintiff, in violation of the NYSHRL;

g.     awarding such other and further relief as the Court deems just and proper.

Dated: Mineola, NY
      June 20, 2022

RAYMOND NARDO, P.C.

By: _____
RAYMOND NARDO, ESQ.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*